EL PUEBLO DE PUERTO RICO, en interés del menor I.C.C., apelante.

*Número:* O-79-203 *Resuelto:* 17 de marzo de 1980

*Amir Lastra* y *Edmée Vincenty*, de Servicios Legales de San Juan, Inc., abogados del menor apelante; *Héctor A. Colón Cruz, Procurador General,* y *Lirio Bernal, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Consideramos en el presente caso la apelación interpuesta por un menor contra la adjudicación hecha por la Sala de Menores, San Juan, del Tribunal Superior, declarándole incurso en la falta de violar la Ley Núm. 30 de 16 de mayo de 1972, 33 L.P.R.A. sec. 2091. Se plantea como único error que se le violó al menor "la garantía constitucional como ciudadano a un debido proceso de ley en la etapa adjudicativa de los procedimientos ... ya que durante la vista celebrada no se probó más allá de duda razonable todos y cada uno de los elementos constitutivos de la falta imputada, ni se logró controvertir la presunción de inocencia ...". El error no fue cometido.

La prueba de cargo fue al efecto de que el 15 de noviembre de 1978 un agente de la Policía, respondiendo a una llamada telefónica que informaba que un menor se hallaba ilegalmente dentro del plantel de la Escuela Superior Berwind en Río

Piedras, se personó a dicho plantel y, al llegar, luego de serle señalado el menor aquí apelante como el intruso, al intervenir con él, el menor se le abalanzó encima, hubo un forcejeo y, finalmente, el menor escapó cuando trató de llevarlo a su auto patrulla. La prueba de defensa pretendió establecer que el incidente ocurrió en una acera frente a la escuela y tendió a probar que el menor en cuestión fue víctima de una injustificada agresión por parte del policía, lo cual motivó que el padre del niño formulara querella administrativa en su contra. El juez de instancia dirimió el conflicto y creyó la prueba de cargo.

La citada ley dispone en su primera sección, 33 L.P.R.A. sec. 2091, en lo aquí pertinente:

"(a) Toda persona que penetre en el edificio o en terrenos de una escuela elemental, intermedia, o secundaria, colegio público o privado en Puerto Rico, sin permiso del director o encargado del mismo, de su sustituto o de un funcionario o empleado de rango superior a éstos, o que habiendo terminado alguna gestión legítima en el edificio o terrenos de dichas instituciones educativas anteriormente señaladas, permanezca dentro de ellos después de haber sido ordenado a salir del edificio o terrenos de dichas instituciones educativas anteriormente señaladas, por el director o encargado de éstas, su sustituto, un maestro de la misma, o por algún funcionario o empleado de rango superior a éstos o por un agente del orden público estatal o guardia municipal o cualquier persona encargada de la vigilancia de cualesquiera de las instituciones a que se hace referencia en este artículo, incurrirá en delito menos grave."

 Sostiene el apelante que esta sección establece un delito cuyos elementos son la penetración en el plantel de enseñanza por la persona no autorizada y la permanencia en él de dicha persona después de ordenársele salir. No tiene razón. La citada sección es clara. Establece dos posibles violaciones de la ley: una, la entrada al edificio o terrenos de la escuela sin autorización y, otra, la desobediencia a la orden de salir, aunque la entrada fuera autorizada. Véase que se usa la disyuntiva "o" y no conjuntiva "y" al definir las dos modalidades. Se probó la primera a satisfacción del juez que vio y

oyó declarar a los testigos, mediante prueba satisfactoria que es suficiente, al ser creída, para vencer la presunción de inocencia más allá de duda razonable. Si el policía se excedió o no en el uso de la fuerza es cuestión ajena a la imputación hecha al apelante de que penetró al plantel sin autorización.

*Se confirmará el fallo del tribunal de instancia.*